# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 5:19 CR 262 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| -vs- | ) | |
| | ) | |
| DAEMONTE D. SIMS | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| Defendant. | ) | |
| | ) | |

Now comes the Defendant, **DAEMONTE D. SIMS,** by and through his undersigned counsel, and hereby submits the following sentencing memorandum in the above-captioned matter. Defendant's sentencing hearing is scheduled for October 21, 2019 at 10:00 a.m.

Respectfully Submitted,

 /s/ Brian M. Pierce
 Brian M. Pierce (#0063736)
 Attorney for Daemonte D. Sims
 54 E. Mill Street, Suite 400
 Akron, Ohio 44308
 330-253-0785 (telephone)
 330-253-7432 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served via the Court's electronic filing system on the 16th day of October, 2019.

 /s/ Brian M. Pierce
 Brian M. Pierce (#0063736)
 Attorney for Daemonte D. Sims

**MEMORANDUM**

A.      **Introduction**

On July 8, 2019, Defendant, Daemonte D. Sims pled guilty to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §922 (g) (1), and 18 U.S.C. §942 (a) (2).

Daemonte D. Sims as born in Akron, Ohio and is currently twenty-eight (28) years of age.   Mr. Sims is not married and has one daughter, Samaiuyah Sims (age two months). Mr. Sims graduated from East High School in Akron, Ohio in 2009. Mr. Sims has previous employment with One Stop Appliance in Akron and McDonald's as a cook.

Mr. Sims has a lengthy history of substance abuse which began during his early teen years.  Mr. Sims has abused Marijuana, alcohol, Ecstasy and Xanax. Mr. Sims has also been diagnosed with bipolar, depression and ADHD.

Mr. Sims is amenable to both mental health and substance abuse treatment during his incarceration. Mr. Sims has significant family support.   (See Exhibit "**A**").

B.      **The Goals of Sentencing - 18 U.S.C. § 3553(a)**

After Booker, federal sentencing is vastly different.  Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as merely one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* as set forth in 18 U.S.C. § 3553(a)(2).  See, Gall v. United States, 128 S.Ct.586, 597 n.6 (2007); Kimbrough v. United States, 128 S.Ct. 558, 570 (2007).  The overriding principle and mandate of § 3553(a) requires district courts to impose a sentence

"sufficient, but not greater than necessary," to achieve the four purposes of sentencing as set forth in Section 3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. Id.

The "sufficient but not greater than necessary" requirement has been referred to as the "parsimony provision." See, United States v. Denardi, 892 F.2d 269, 276-77 (3rd Cir. 1989). This Circuit has found that the parsimony provision serves as "the guidepost for sentencing decisions post-Booker" and sets an independent limit on the sentence a court may impose. United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006), see also United States v. Cull, 446 F.Supp.2d 961, 963 (E.D. Wis. 2006). Since § 3553(a) requires a sentence to be no greater than necessary to meet the four purposes of sentencing, imposition of a sentence greater than necessary to meet those purposes is reversible, even if within the applicable guideline range. Id.

**C.  The Guidelines and Other Factors Courts Must Consider in Determining a Punishment that Fulfills the Sentencing Mandate under § 3553(a)(2)**

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). Those factors include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed -

   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B)  to afford adequate deterrence to criminal conduct;

        (C)      to protect the public from further crimes of the defendant; and

        (D)      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)      the kinds of sentences available;

(4)      the advisory guideline range;

(5)      any pertinent policy statements issued by the Sentencing Commission;

(6)      the need to avoid unwarranted sentence disparities; and

(7)      the need to provide restitution to any victims of the offense.

See, 18 U.S.C. § 3553(a) (2007).  See generally, Rita v. United States, 127 S.Ct. 2456, 2463-65 (2007); Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007); Spears v. United States, 129 S.Ct. 840 (2009).

      While district courts must in all cases "consider" the guideline range, Booker, 543 U.S. 220, 245-46, the Guidelines do not subordinate the other factors in § 3553(a).  As this Circuit has pointed out, the sentencing mandate under § 3553(a) serves as "the guidepost for sentencing decisions post-Booker" Ferguson, 456 F.3d at 667, and the Guidelines carry no more weight than any other factor under § 3553(a).  Importantly, a sentencing court may not presume that a sentence within the guideline range is reasonable. Rita, 127 S.Ct at 2463-65.

      In a post-Booker world federal district judges have significant discretion to impose sentences below (or above) those called for under the Sentencing Guidelines.  See, Spears v. United States, 129 S.Ct. 840 (2009); Kimbrough v. United States, 128 S.Ct. 558, 570

(2007); Gall v. United States, 128 S.Ct. 586, 597 n.6 (2007). A non-guideline sentence may not be presumed to be unreasonable, and district courts need not impose sentences greater than they believe necessary out of fear of reversal. Rita at 2467. Instead, after determining the Guideline range, the sentencing court may decide that a sentence in that range:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "Heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.O, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f).

Rita, 127 S.Ct. At 2465. District courts may even consider arguments that a particular guideline reflects "an unsound judgment" generally. Rita at 2468; Spears at 843. The appellate courts should not disturb the court's judgment if the sentencing judge provides reasons for the sentencing decision. Rita, at 2468.

**D.    Application of Sentencing Factors to this Defendant**

Applying the Sentencing factors in Section 3553(a) (2) this Court can fashion a sentence which will balance the need to incarcerate Mr. Sims and also reflect the seriousness of his conduct. Counsel acknowledges that Mr. Sims has a significant criminal history in this matter. However, counsel submits that the facts and circumstances of this offense offer significant mitigation for Mr. Sims criminal behavior.

In December 2018, Defendant and his friend witnessed a murder in Akron. Within several days of that homicide Defendant's friend was shot and killed in retaliation for the

homicide.  Defendant learned that he was also being targeted and that there was a $40,000.00 bounty on him. Mr. Sims spoke to law enforcement who confirmed this information.

Mr. Sims also spoke to his Probation Officer and requested that his supervised release be transferred to Columbus so that he and his pregnant girlfriend could be safe. On the date of the offense Defendant was sitting in his disabled car which had a flat tire. Defendant possessed a firearm that he obtained for protection.  Defendant cooperated with the arresting officer and was not involved in any criminal activity independent of the firearm possession.

Counsel requests that this Court take this information into consideration and impose a sentence which will afford Mr. Sims the opportunity to participate in both drug and mental health treatment. Defendant entered a timely guilty plea and accepts full responsibility for his conduct.

**E.     Conclusion**

Daemonte D. Sims' case presents precisely the type of factors that should be considered by the courts after Booker.  The succession of cases after Booker, including Rita, Gall, Kimbrough, and Spears, all demonstrate that this court has the authority and duty to consider the above-mentioned factors when arriving at a sentence that fulfills the sentencing mandate of § 3553(a).

Under the circumstances, it is respectfully requested that this Court take into account the factors unique to the Defendant's case that are sufficient to achieve the goals of sentencing under § 3553(a)(2).

Counsel also requests that this Court recommend to the Bureau of Prisons that Defendant serve his sentences at the Federal facility located in Elkton, Ohio.

Respectfully Submitted,

/s/ Brian M. Pierce
Brian M. Pierce (0063736)
Attorney for Daemonte D. Sims
54 E. Mill Street, Suite 400
Akron, Ohio 44308
330-253-0785 (telephone)
330-253-7432 (facsimile)